JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court *2 for the District of Columbia and on the briefs of the parties. It is
ORDERED and ADJUDGED that the district court’s order denying Cook’s motion to suppress the statements made in his Field Report and Use of Force Report as well as its order denying Cook’s motion for a new trial on Brady grounds be affirmed.
This Court must review the district court’s factual findings regarding Cook’s Fifth Amendment claims for clear error and the voluntariness of Cook’s statements de novo. United States v. Reed, 522 F.3d 354, 358 (D.C.Cir.2008). Cook argues his Field Report and Use of Force Report were inadmissible under Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). The district court correctly concluded Cook failed to demonstrate Garrity’s applicability and, additionally, was not entitled to its protections because Garrity does not immunize false statements. Cook was never threatened with termination and neither subjectively nor reasonably believed his statements were compelled. United States v. Friedrick, 842 F.2d 382, 395 (D.C.Cir.1988). Even assuming arguendo Cook’s statements were entitled to immunity, Garrity would only prevent their use in a prosecution for the underlying assault. Here, the reports were used to prove the false statements charge — a clearly admissible use. Friedrick, 842 F.2d at 394-95 n. 16 (citing United States v. Apfelbaum, 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980)) (“[T]he only risk of criminal sanctions to which an immunized witness can be exposed arises if he is untruthful.”). Accordingly, we affirm the district court’s denial of Cook’s motion to suppress these reports.
The government violates Brady v. Maryland when (1) evidence favorable to the accused, i.e., material to guilt or punishment, (2) is suppressed — either deliberately or inadvertently — and (3) the nondisclosure prejudices the defendant. Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). To satisfy the third prong, a defendant must establish “a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” Id. at 280, 119 S.Ct. 1936 (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). When the evidence is disclosed during trial, the defendant must show a reasonable probability that earlier disclosure would have resulted in a different outcome for the defendant. United States v. Tarantino, 846 F.2d 1384, 1417 (D.C.Cir.1988).
Cook requests a new trial on the grounds that the government violated Brady by failing to disclose three pieces of evidence prior to trial: (1) evidence the alleged victim, Omar Hunter, executed a “Freeman’s Writ” and a UCC filing in order to copyright his name; (2) government witness Bernard Thornton’s competency evaluations; and (3) evidence Metropolitan Police employees had to “pull” Hunter from his cell on the day of the incident, prior to transport.
The district court correctly concluded no Brady violation occurred. Cook cannot establish the prejudice requisite to succeed in his petition for a new trial because he fails to demonstrate a reasonable probability earlier disclosure would have resulted in acquittal. The government disclosed all of the evidence at issue during the trial. Cook received ample opportunity to cross-examine Hunter regarding the Freeman’s Writ and his UCC filing. The district court retrieved and reviewed the reports regarding Thornton’s mental state. Although the court did not allow Cook access to the reports, a ruling Cook does not *3 challenge on appeal, it did give defense counsel the opportunity to recall Thornton and cross-examine him as to whether he was under the influence of any substances at the time of the incident. Thornton’s testimony had more than ample corroboration. See United States v. Bowie, 198 F.3d 905, 911 (D.C.Cir.1999). Four peace officers observed the incident and testified consistently. Finally, nothing in the record indicates any physical altercation occurred when Hunter was removed from his cell earlier that day, and defense counsel’s decision, after speaking with the Metropolitan Police employees responsible for removing Hunter from his cell, not to call them as witnesses supports the conclusion that no material evidence was withheld.
Cook fares no better when this evidence is considered cumulatively. Kyles v. Whitley, 514 U.S. 419, 421, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). The district court gave defense counsel meaningful opportunities to recall witnesses and present all relevant evidence to the jury. There is no indication earlier receipt of the evidence would have had any impact on the outcome of the trial. Accordingly, the district court properly concluded a new trial was not warranted based on the alleged Brady violations.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing en banc. See Fed. R.App. P. 41(b); D.C. Cir. Rule 41.